UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCE ET AL, Plaintiffs, -against- GOREHAM TRANSPORT LTD. ET AL, Defendants. | 26-CV-9120 (VSB) **ORDER** |

VERNON S. BRODERICK, United States District Judge:

On December 6, 2024, Plaintiffs filed this action against Defendants in the Supreme Court of the State of New York, County of Queens. (Doc. 1-1.) On July 12, 2026, Defendant Goreham Transport Ltd. ("Defendant") answered. (Doc. 1-2.) On October 16, 2026, Defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1446. (Doc. 1.) Defendant asserts in the Notice of Removal that removal is timely because the Notice of Removal was filed within thirty days of "receipt of Plaintiffs' communication regarding a [sic] in this matter." (*Id.* at 2.).

On October 21, 2026, I issued an order to show cause why this case should not be remanded to the Supreme Court of New York, Queens County, or alternatively, transferred to the Eastern District of New York. (Doc. 5.) On October 26, 2026, Defendant filed a response requesting that this matter be transferred to the Eastern District of New York, rather than remanded. (Doc. 6.)

Defendant's request for a transfer to the Eastern District of New York is DENIED. Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division *in which it could have been brought*." 28 U.S.C. § 1406(a)

(emphasis added). However, it does not appear that this case could have been brought in the Eastern District of New York, because Defendant has failed to establish that the removal was timely under 28 U.S.C. § 1446.

Defendant appears to have intended to invoke Section 1446(b)(3) as the jurisdictional basis for removal more than thirty days after service of the complaint. However, Defendant has failed to identify the relevant "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Nor has Defendant articulated a position concerning why, notwithstanding the allegations in the complaint that Plaintiffs suffered damages "in the sum which exceeds the jurisdictional limits of any other courts which might otherwise have jurisdiction," (*e.g.*, Doc. 1-1 at ¶ 17), "the case stated by the initial pleading [wa]s not removable." *Id.* Finally, although Defendant ostensibly seeks to "remove[] under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action," Defendant has supplied no basis for finding that Plaintiffs "acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

Courts "have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." *Jennifer Matthew Nursing and Rehab. Ctr. v. U.S. Dept. of Health and Human Services*, 607 F.3d 951, 955 (2d Cir. 2010). "Remand is appropriate where jurisdiction is doubtful." *Video Connection of Am., Inc. v. Priority Concepts, Inc.*, 625 F. Supp. 1549, 1550 (S.D.N.Y. 1986). "If a notice of removal is untimely, the case must be remanded to the state court." *Abbo-Bradley v. City of Niagara Falls*, 73 F.4th 143, 146 (2d Cir. 2023). Accordingly, it is hereby ORDERED that this action is REMANDED to the Supreme Court of New York, Queens County.

The Clerk of Court is directed to remand and then close this case.

SO ORDERED.

Dated: November 2, 2026
New York, New York

VERNON S. BRODERICK
United States District Judge